## S. F. Gentry v. The State.

No. 13296.   Delivered April 23, 1930.
Reported in 28 S. W. (2d) 141.

The opinion states the case.

*Schenck & Triplett* and *Vickers & Campbell,* all of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

Mr. Johnson testified that he bought from appellant a pint of whisky, paying him $2.50 therefor.   He said the sale took place at night at the home of appellant.   Appellant introduced his wife, son and another witness who testified they were present when Johnson came on the occasion mentioned, and that no sale of whisky was made.   In rebuttal the State called Mr. Johnson who further testified that before going down to appellant's home he was given three one dollar bills by Mr. Davidson, the numbers of which bills were set down.   He said he gave these three bills to appellant in exchange for the whisky and received fifty cents in change.   The witness was shown a piece of paper with three numbers on it, and identified this as the piece of paper used and the numbers as those of the three one dollar bills, about which he had testified.   It was shown by Mr. Davidson that he gave Johnson the said three one

dollar bills and made notation on the piece of paper identified as that containing the numbers of said bills; also shown by the officer who arrested appellant that he found in his possession the three one dollar bills which were kept by him and exhibited upon the trial and whose numbers were shown to correspond with the numbers on the piece of paper above mentioned.

Complaint appears in the record, by three bills of exception, of the introduction of the piece of paper containing the numbers, and of the testimony of Mr. Johnson and the other witnesses regarding the same. Without discussing the matter at any length or going into detail, it is clear that the testimony was competent.

Another bill of exception complains at the introduction before the court of a search warrant. The record is devoid of any showing that any improper use was made of the search warrant, which was merely put before the court to enable him to pass upon some objection made.

The evidence seems sufficient, and no error appearing, the judgment is affirmed.

*Affirmed.*